**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

MASON R. JOHNSON,

        Plaintiff,

v.                                                         Case No. 6:13-cv-1314-Orl-37DAB

BOBBY LEE MCGHEE,

        Defendant.

## ORDER

This cause is before the Court on the following:

1. Plaintiff's Motion to Remand and Supporting Memorandum of Law (Doc. 13), filed September 25, 2013; and

2. Defendant's Response to Plaintiff's Motion to Remand and Supporting Memorandum of Law (Doc. 16), filed October 9, 2013.

Upon consideration, the Court finds that this case is due to be remanded.

## BACKGROUND

Plaintiff initially filed this negligence claim in state court. (Doc. 2.) Defendant then removed the case to this Court. (Doc. 1.) The Notice of Removal alleges that the amount in controversy in this action exceeds $75,000, relying solely on Plaintiff's pre-suit demand letter. (*Id.* ¶ 13.)

The Court ordered Defendant to show cause why the case should not be remanded. (Doc. 5.) He responded. (Doc. 8.) Plaintiff now moves to remand the case. (Doc. 13.) Defendant opposed. (Doc. 16.) This matter is now ripe for the Court's adjudication.

**STANDARDS**

Removal jurisdiction exists where the court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). In diversity cases, district courts have original jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The defendant bears the burden of proving by a preponderance of the evidence that jurisdiction exists. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

The court may look to the complaint, notice of removal, and any other relevant papers revealing that the amount in controversy is satisfied. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010). Settlement offers or demand letters qualify as other relevant papers. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 n.62 (11th Cir. 2007). "The question is whether this specific settlement demand, given all the evidence presented, established by a preponderance of that evidence that the amount in controversy exceeds $75,000." *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009). Nonspecific demand letters are generally not enough to meet the defendant's burden. *See Ennis v. State Farm Mut. Auto. Ins. Co.*, No. 3:11-cv-637-Orl-37JBT (M.D. Fla. Aug. 10, 2011), Doc. 14.

**DISCUSSION**

As the Court pointed out in its Order to Show Cause (Doc. 5), the demand letter on which Defendant relies to prove up the amount in controversy is vague, nonspecific puffery. The letter is merely a form document, which is made obvious by blanks, non sequiturs, and scrivener's errors. (*See* Doc. 1-4, p. 2.) It summarizes Plaintiff's medical bills at just over $11,000, and includes virtually nothing about how to make up the nearly $65,000 difference in the amount in controversy.

In short, the demand letter is exactly the type of document that this Court has held to be insufficient. *See, e.g.*, *Ennis*, No. 3:11-cv-637, Doc. 14. Furthermore, Defendant has been given multiple opportunities to come forward with additional allegations to satisfy his burden as to the amount in controversy and has failed to do so. (*See* Docs. 8, 16.) Plaintiff's motion is therefore due to be granted, and this matter is due to be remanded to the state court for want of subject-matter jurisdiction.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The Court's Order to Show Cause (Doc. 5) is **DISCHARGED**.
2. Plaintiff's Motion to Remand and Supporting Memorandum of Law (Doc. 13) is **GRANTED**.
3. This case is **REMANDED** to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida.
4. The Clerk is **DIRECTED** to close this file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 23, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

3

Circuit Court of the Ninth Judicial Circuit
in and for Orange County, Florida